IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | :    Case No. 5:18-cr-10 (MTT) |
| | : |
| JEREMY TWILLEY, | : |
| | : |
| Defendant. | : |
| | : |

### RECOMMENDATION

Defendant Jeremy Twilley has filed a motion seeking credit for time served in pretrial detention. (Docs. 54, 55). In his motion, Defendant notes that he was in federal custody from June 13, 2018, through his sentencing on April 16, 2019. Defendant was brought to federal custody for arraignment under a writ of habeas corpus ad prosequendam, as he was in state custody at the time serving a state parole revocation sentence. PSR, Doc. 42, ¶¶ 52. Defendant remained in federal custody until his sentencing. In his motion, Defendant indicates that he was then returned to state custody, where he remained until August 29, 2018, when he completed his state sentence. *Id.* The record thus indicates that Defendant is not entitled to credit for the time served in pretrial custody because that time was credited to his state sentence.

Procedurally, this Court lacks authority to grant the relief requested. The Court lacks authority to grant Defendant's motion first because Defendant has not shown that he has exhausted administrative remedies through the Bureau of Prisons. "Authority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." *United States v. Alexander*, 609 F.3d 1250, 1259 (11th Cir. 2010). The calculation of a term of imprisonment, including credit for time served in official detention prior to the date of sentencing, is governed by 18 U.S.C. § 3585. Such calculations are an administrative function entrusted to the

Bureau of Prisons, which "initially possesses the exclusive authority . . . to compute sentence credit awards after sentencing." Rodriguez v. Lamer, 60 F.3d 745, 746 (11th Cir. 1995). *See also* United States v. Wilson, 503 U.S. 329 (1992). Because the granting of credit for time served is "in the first instance an administrative, not a judicial function," a claim for credit for time served may be raised in a petition under 28 U.S.C. § 2241 only after the exhaustion of administrative remedies. United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) (quoting United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989)). Defendant does not indicate in his motion that he has pursued exhausted the administrative process with the BOP.

Even if Defendant had exhausted his administrative remedies, this Court would not have jurisdiction to hear his petition under Section 2241. A Section 2241 petition must be brought in the district court for the district in which the defendant is incarcerated. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Because Defendant is incarcerated in the Middle District of Florida, a court in that district would be the appropriate forum for any Section 2241 petition concerning the calculation of Defendant's sentence.

On the merits, moreover, the record indicates that Defendant is not entitled to the relief he requests, as it shows that the time served in federal custody prior to his sentencing in this Court was credited toward his state sentence. A term of imprisonment "commences on the date the defendant is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A defendant may receive credit for time served in official detention prior to the date his sentence commences "as a result of the offense for which the sentence was imposed" or "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b)(1). Such credit is only available, however, if the time "has not been credited against another sentence."

18 U.S.C. § 3585(b). Where both state and federal sentences are imposed, time-served credit can only apply to one sentence.

The record in this case shows that Defendant's parole was revoked in the Superior Court of Dawson County, Georgia, on January 18, 2018, with a maximum possible release date of August 28, 2019. PSR, Doc. 42, ¶ 52. While still serving this sentence, he was brought into federal custody on a writ of habeas corpus ad prosequendam on June 13, 2018. Although Defendant was held in federal custody while this case was pending, his state sentence continued to run, and the time between June 13, 2018, and his federal sentencing on April 16, 2019, was properly credited to his state sentence. Defendant acknowledges in his motion that after sentencing in this case he was returned to state custody to finish serving his state sentence. Under 18 U.S.C. § 3585(b), Defendant cannot receive credit towards his federal sentence for the time in pretrial custody because that time was credited towards his state sentence. Defendant's federal sentence, therefore, did not begin to run until the completion of his state sentence on August 29, 2019.[1]

Although it appears that Defendant's claims lack merit, Defendant's claims are properly brought in a petition under 28 U.S.C. § 2241 in the district of incarceration, following exhaustion of administrative remedies. Because there is no indication that Defendant has exhausted administrative remedies, and because this Court lacks jurisdiction to entertain a Section 2241 petition in this case, it is hereby **RECOMMENDED** that Defendant's motion to receive credit for time served (Docs. 54, 55) be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14)

---

[1] The Court ordered that Defendant's sentence in this case would run consecutively to his prior state sentence. Doc. 44

DAYS after being served with a copy thereof. Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 1st day of June, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge